## Buck's Estate.

*Executors and administrators—Surcharge—Acting executor—Rents.*

Where a testator appoints his widow and brother executors of his estate which he gives entirely to his wife, and the wife voluntarily pays out $200 from estate funds as rent for a nickelodeon, which the executors used for some time after the decedent's death, the brother should not be surcharged when he files his account as acting executor, with such sum so paid out by the widow.

Argued May 3, 1911. Appeal, No. 76, April T., 1911, by Max Book, from decree of O. C. Allegheny Co., Dec. T.,

1909, No. 82, dismissing exceptions to adjudication in Estate of Mayer Buck, deceased.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Decree modified.

Exceptions to adjudications.

The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*H. J. McAllister*, of *Pettes & McAllister*, with him *O. K. Eaton*, for appellant.

*W. B. Rodgers*, with him *A. M. Simon*, for appellee.

OPINION BY MORRISON, J., July 13, 1911:

Mayer Buck died in Allegheny county on June 14, 1907, leaving a will in which he gave his entire estate to Peepe Buck and appointed her and his brother, Max Book, the appellant, executrix and executor.   Letters testamentary were issued in accordance with the provisions of the will.

In the adjudication of the estate, exceptions having been filed to the account of Max Book, the orphans' court surcharged him with certain sums among which was an item of $200 rent paid by the widow, executrix, on a certain nickelodeon which was owned by the decedent and was held and operated by the executrix and executor for some time after their appointment.

An examination of the testimony, the exceptions to the appellant's account and the decree of the court surcharging him leaves us all of the opinion that no sufficient reason is shown for surcharging the appellant with the $200 which Mrs. Buck saw fit to pay as rent on the nickelodeon.   So far as we can determine from the record it seems unjust to require the appellant to repay this money which the widow voluntarily paid out.   We discover nothing in the assignments of error, exceptions and record

which requires us to disturb the decree, except as to said amount.

We sustain the fourth assignment of error and modify the decree by deducting from the amount directed by the court below to be paid to the estate the said sum of $200, and as thus modified, the decree is affirmed, and it is further ordered that the costs of this appeal be equally divided between the appellee and appellant.